COURT OF APPEALS OF VIRGINIA

Present: Judges Elder, Bray and Annunziata
Argued at Richmond, Virginia

LATIF RACQUEL KHALIQ

MEMORANDUM OPINION[*] BY
v.    Record No. 1588-01-2          JUDGE ROSEMARIE ANNUNZIATA
                                             MAY 7, 2002
COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE
Edward L. Hogshire, Judge

James Hingeley, Public Defender, for
appellant.

Leah A. Darron, Assistant Attorney General
(Jerry W. Kilgore, Attorney General, on
brief), for appellee.

Latif Racquel Khaliq was convicted at a bench trial of

misdemeanor escape from custody, in violation of Code

§ 18.2-479(A). He was sentenced to serve twelve months in jail,

with six months suspended. Khaliq appeals his conviction on the

ground that his conduct did not violate Code § 18.2-479(A)

because his escape occurred during an arrest for a probation

violation, not a misdemeanor. We agree and dismiss his

conviction.

The facts in this case are undisputed. On September 15,

2000, Officer W.E. Small received a warrant to arrest Khaliq for

---

    * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

a probation violation.  When Officer Small arrested Khaliq for the probation violation, he escaped from his custody.  There was no evidence establishing that Khaliq had been arrested for a misdemeanor.

Code § 18.2-479(A) provides, in relevant part:

> If any person lawfully . . . in the custody . . . of any law-enforcement officer on a charge or conviction of a misdemeanor escapes, otherwise than by force or violence or by setting fire to the jail, he shall be guilty of a Class 1 misdemeanor.

(Emphasis added).  For the reasons stated in Lawson v. Commonwealth, ___ Va. App. ___, ___ S.E.2d ___ (2002), we hold that when Khaliq escaped from police custody, he was not in custody "on a charge or conviction of a misdemeanor."  Because Code § 18.2-479 does not prohibit escape from custody based on probation violations, we reverse Khaliq's conviction and dismiss the indictment.

Reversed and dismissed.

-